**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANNY WARREN,<br><br>                            **Plaintiff,**<br><br>v.<br><br>STEVEN J. KAYE ASSOCIATES,<br>EDISON PARK FAST,<br><br>                            **Defendants.** | Civ. No. 19-14116-KM<br><br>**OPINION** |

This matter comes before the Court on motions to dismiss the complaint filed by defendants Edison Park Fast (DE 13) and Steven J. Kaye Associates (properly, Steven Kaye Associates, P.C.) (DE 14). No response to the motions has been filed.

### A. Background

The *pro se* plaintiff, Danny Warren, who gives a home address in Bronx, New York, filed this action on June 13, 2019, in the Eastern District of New York. Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a). No federal-law cause of action is pled or otherwise identified.

The allegations of the Complaint are as follows:

> I am writing about a slip and fall accident that I substain in March 10, 1999. I substained 3 herniated disk in my neck. I was going to chiropracter and other doctors for my back also dispositions I went to for my case.

> [Addendum]                      06-12-2019

> To whom ever it may concern

> I am writing about a slip and fall accident that I had with Edison Park Fast Parking facility on 679 Riverside Drive on March 10 1999. I was transported to St Lukes Hospital received xrays and numerous testing that was done on me. I called Bar Associates. They referred me to Mr. Steven J. Kaye Associates 26 Court Street. He referred me to sports rehabilitation center Dr Henry Birnbaum.

> I went there several visits to find out that my diagnosis through xrays MRIs that I had 3 herniated disk in my neck. I also went to a chiropracter in Brooklyn Farragut Health Center in Brooklyn on Nostrand Glenwood. Dr name was Mark Rosenblatt. He did several sessions on my back and reported to Mr Steve J Kaye office on what was going on. I was communicating with Mr. Steven J. Kaye on monetary about to be release to me from Insurance Co. Never heard anything else up into now.[1]
>
> . . . .
>
> I'm claiming that my attorney Mr Steven J Kaye owes me 30,000. He kept instructing me my case was ready for settlement. Never heard from him no more.

(DE 1 at 5–7)

Mr. Warren signed the standard complaint form directly under a warning that he is required to inform the court of any change of address, and that "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (DE 1 at 8)

By order dated June 20, 2019, a district judge in the Eastern District of New York found venue there to be improper. The order cited 28 U.S.C. § 1391(b). The judge transferred venue to this district. (DE 4) Mr. Warren apparently received the USMS Forms 285 at his mailing address in the Bronx, filled them out and returned them. Summonses issued and were served. (DE 12, 17, 18) Thereafter, however, the efforts of counsel to contact Mr. Warren by mail or phone have been unsuccessful (DE 21); certified mail sent by the court has been returned as undeliverable (DE 25); and Mr. Warren has failed to respond to an order of the Magistrate Judge that he participate in formulating a discovery plan. (DE 22)

### A. Jurisdiction

Although defendants do not raise the issue of subject matter jurisdiction, the Court is obligated to do so *sua sponte* if necessary. *Liberty Mut. Ins. Co. v.*

---

[1] *Sic* in original, except that I have altered the capitalization and added minimal punctuation for clarity.

*Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); *see also* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").

Under Rule 12(b)(1), the Court may confine itself to a facial jurisdictional challenge. Alternatively, it may consider extrinsic evidence. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Here, the distinction is unimportant, as the only extrinsic evidence consists of public documents or judicial opinions that could be considered on an ordinary Rule 12(b)(6) motion. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

The only causes of action that may be inferred from this complaint are state law claims of attorney malpractice (against Kay) or negligence (against Edison). A federal court may exercise subject matter jurisdiction over such state law claims if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

The complaint furnishes addresses for the parties: Mr. Warren is alleged to live in Bronx, New York. Edison is alleged to be located in Newark, New Jersey. The address for Steven J. Kay Associates, is given as Tenafly, New Jersey.[2] I will overlook that the complaint seems to allege residence, not citizenship, a distinct concept.

---

[2] Defendant states that the proper designation is "Steven Kaye Associates, P.C." Attached to defendant's papers is a printout from the New York State Department of State Division of Corporations. This entity, formed in 1998, is a domestic professional corporation of the State of New York. The address for service of process is a Post Office Box in Teaneck, New Jersey; the Chief Executive Officer is Mr. Steven J. Kaye, Esq., at the same Teaneck address; and the principal executive office is c/o another attorney at an address in Teaneck, New Jersey. (DE 14-3)

The complaint, however, seems to refer to the Steven Kaye firm's offices as having been on "Court Street," a possible reference to Brooklyn, New York. A later litigation between the firm and its successor refers to the successor's taking over the Steven Kaye firm's "former offices in Brooklyn." *Steven J. Kaye Associates, P.C. v the Law Offices of Mitchell N. Kay, P.C.*, No. 601443/08, 2012 WL 123564 (N.Y. Sup. Ct. Jan. 09, 2012) (copy at DE 14-5). In short, the Steven Kaye firm's principal place of business, for diversity purposes, cannot be definitively established without further facts.

The more obvious flaw is that the complaint has only one demand for damages: "I'm claiming that my attorney Mr. Steven J. Kaye owes me [$]30,000." From the complaint, it is inferable that this sum represents the damages from the Edison accident that the attorney allegedly should have recovered. That sum is well below the $75,000 threshold for diversity jurisdiction.

The complaint is therefore dismissed for lack of subject matter jurisdiction.

### B. Rule 12(b)(6) motion

I consider in the alternative the non-jurisdictional grounds asserted in defendants' motions. Both defendants move to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed under Rule 12(b)(6) if its allegations, taken as true, fail to plausibly state a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A statute of limitations defense may be raised in a Rule 12(b)(6) motion if the allegations of the complaint, together with other materials properly considered on such a motion, demonstrate that the claim is untimely. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

I first consider the claim against defendant Edison. The underlying accident allegedly occurred in March 1999 at an Edison ParkFast parking facility at 679 Riverside Drive.[3] The claim against Edison can only be a state-law claim of negligence resulting in personal injury. If New Jersey law applies, the statute of limitations is two years, N.J. Stat. Ann. § 2A:14-2(a); if New York law applies, the statute of limitations is three years, C.P.L.R. § 214. Either way, the limitations period expired long ago, in 2002 at the latest. This action was filed seventeen years later, in 2019. As to defendant Edison, it must be dismissed.

---

[3] I assume that the reference is to Riverside Drive in New York City, but the location or precise address are not critical to the analysis.

I move to the claim against the law firm, Steven Kaye Associates, P.C. The plaintiff alleges that he retained the Steven Kaye firm in connection with the 1999 parking lot accident. The claim appears to be one of legal malpractice, in that the Steven Kaye firm never contacted Mr. Warren or followed through on obtaining him the $30,000 he believes he is owed. Whether under New York or New Jersey law, legal malpractice is a species of negligence. The statute of limitations under New York law is three years, see C.P.L.R. § 214; under New Jersey law, it is six years, see N.J. Stat. Ann. § 2A:14-1. Because this action was filed on June 13, 2019, any claim against the Steven Kaye firm that arose prior to June 13, 2016 (NY) or, at the earliest, June 13, 2013 (NJ) is time-barred.

From the context, it appears that whatever the Steven Kaye firm did or did not do occurred within some reasonable period of time following the 1999 accident. The plaintiff was surely aware of any injury, or the firm's failure to contact him, within a reasonable interval after 1999. It is not plausibly alleged that any malpractice by the Steven Kaye firm was still occurring 14 (or 17) years later.

Whatever doubt there may be is resolved by the fact that the Steven Kaye firm as such was not even in business after 2006. On March 18, 2006, Steven Kaye Associates, P.C. sold the assets of its law practice to Mitchell N. Kay P.C. It seems implausible that this representation was ongoing as of 2006, but even if it was, any post-2006 acts of malpractice were not performed by the defunct Steven Kaye Associates, P.C.[4]

For this alternative reason, then, the complaint is dismissed on statute of limitations grounds.

---

[4] Attached to the defendant's papers (DE 14-5) is a copy of a judicial opinion, *Steven J. Kaye Associates, P.C. v the Law Offices of Mitchell N. Kay, P.C.*, No. 601443/08, 2012 WL 123564 (N.Y. Sup. Ct. Jan. 09, 2012). The opinion recites the terms of the sale of the law practice and confirms, on summary judgment, that the contract of sale was existing and valid, resulting in the transfer of files to the Mitchell Kay firm.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed *sua sponte* for failure to plead subject matter jurisdiction. In the alternative, the unopposed motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) filed by defendants Edison Park Fast (DE 13) and Steven Kaye Associates, P.C. (DE 14) are granted.

_____
**KEVIN MCNULTY**
**United States District Judge**